IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:08-CV- 023183-HUCK/O'SULLIVAN

**THE WEITZ COMPANY, LLC,**

    **Plaintiff,**

v.

**TRANSPORTATION INSURANCE COMPANY,**

    **Defendant.**

_____/

**TRANSPORTATION INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE PAUL C. HUCK,
UNITED STATES DISTRICT JUDGE:

Transportation Insurance Company respectfully asks the Court for an order granting summary judgment against The Weitz Company, LLC and dismissing with prejudice Weitz's lawsuit against Transportation.

**PRELIMINARY STATEMENT**

This coverage dispute is limited solely to the duty to defend. Under Florida law, the determination of this duty is a limited analysis and a question of law decided by the court. The facts developed during the litigation and trial of the underlying lawsuit cannot be considered. The Court must consider only the facts actually pleaded in the underlying plaintiffs' live complaint. And while those facts must be taken as true in a duty-to-defend analysis, they must be *fairly* read. The Court cannot read into the facts scenarios beyond what is set forth in the underlying pleading itself. Whether Transportation is obligated to provide an additional insured defense to Weitz, in this case, is dictated by the facts alleged in the *Plaintiffs CC-Aventura, Inc.*

*and Classic Residence Management Limited Partnership's Third Amended Complaint* ("Third Amended Complaint") compared to the 2002 Policy and the 2003 Policy. Due to the importance of maintaining the integrity of these strict parameters, Transportation respectfully asks the Court to set aside all knowledge of the "true facts" that it has acquired during the course of handling the Underlying Lawsuit[1] and conduct this analysis strictly through the lens of the facts set forth in the Third Amended Complaint.

When that is done, Weitz is not entitled, as a matter of law, to an additional insured defense under the Transportation policies. Weitz cannot qualify an additional insured because the allegations against Weitz in the Third Amended Complaint describe damages that arise solely out of Weitz's own acts or omissions. The Third Amended Complaint unequivocally and repeatedly states that the damages to the project about which the Aventura Plaintiffs complain were "due to deficiencies in the work performed *by Weitz*." Nowhere in the Third Amended Complaint do the Aventura Plaintiffs state that Weitz is liable for work performed by any one else. Nor does the Third Amended Complaint state that Weitz is liable for work performed by Aero Cooling. Because Weitz is not sued for liability" arising out of" Aero Cooling's work, Weitz is not an additional insured, and Transportation owes no defense to Weitz.

Moreover, the Third Amended Complaint describes damage to a defective completed project. There is no coverage under Florida law for damage to a defective completed project. Left are allegations that describe defective workmanship, which is excluded from coverage, and economic loss (delay damages) for which, by Florida edict, no coverage is afforded under CGL policies.

---

[1] The underlying lawsuit is styled *CC-Aventura, Inc. and Classic Residence Management Limited Partnership v. The Weitz Company, LLC, The Weitz Company, Inc., and MSA Architects, Inc.*, Case No. 06-21598-CIV-HUCK/SIMONTON.

Weitz's contrary protestations notwithstanding, Transportation owes it no defense.

## THE PARTIES

1. Weitz commenced this action seeking a declaration that Transportation is required to provide it an additional insured defense regarding the Underlying Lawsuit[2]. Weitz also seeks damages for breach of contract as to each policy should the Court determine that Transportation owes a defense.[3]

2. Transportation is the counter-plaintiff seeking declaratory judgment relief regarding its commercial general liability insurance policies at issue in this litigation. Specifically, Transportation seeks a declaration that it owes no defense to Weitz regarding the commercial general liability policies identified in paragraph 3 below with respect to the Aventura Plaintiffs' Third Amended Complaint. Transportation also seeks a declaration that limits any damages that Weitz may recover, should the Court find a defense is owed, to only attorney fees and expenses that Weitz has incurred that otherwise have not been paid by others in defense of the Aventura Plaintiffs' claims. A demonstrative exhibit is attached as TRANS-MSJ 00482 to *Transportation Insurance Company's Appendix of Evidence in Support of Its Motion for Summary Judgment* to show that, in addition to defending against the Aventura Plaintiff's claims, Weitz is prosecuting (not defending) its counterclaim against CC-Aventura, its cross-claim against co-defendant MSA Architects, Inc., and its third-party complaint against certain subcontractors and their sureties. Weitz also is defending against the cross-claim filed against it by MSA and the counter-claim filed against it by Aero Cooling. Not only are none of the fees and expenses Weitz has incurred regarding these matters proper damages resulting from a failure

---

[2]   *See* the prayer that follows ¶ 21 of Weitz's complaint at Doc. # 1-2.

[3]   *See* Counts II and III, respectively, of Weitz's complaint at Doc. #1-2.

to defend Weitz against the Aventura Plaintiffs' complaint, Transportation likewise owes no defense to Weitz for any of those matters. No obligation is owed under a CGL policy to an insured to prosecute its claims against another. The policy only obligates an insurer to *defend* an insurer against a suit. As for the MSA cross-claim and Aero Cooling counterclaim, Weitz has breached policy conditions by failing to provide timely notice, by voluntarily incurring costs and payment obligations, and by failing to timely forward suit papers.

## THE POLICIES

3. At issue are two commercial general liability policies that Transportation issued to Aero Cooling Systems, Inc.: (i) policy number C 2054424640 for the period 01/01/2002 to 01/01/2003 (the "2002 Policy");[4] and (ii) policy number C 2054424640 for the period 01/01/2003 to 01/01/2004 (the "2003 Policy").[5] The 2002 Policy is endorsed by a Contractor's Blanket Additional Insured Endorsement (form G-17957-F 04/98)[6] and contains commercial general liability coverage (form CG 0001 07/98).[7] The 2003 Policy is endorsed by a Contractor's Scheduled and Blanket Additional Insured Endorsement with Limited Products-Completed Operations Coverage (form G-17957-G 01/01)[8] and contains commercial general liability coverage (form CG 0001 10/01)[9]. Among others, both Policies include the following endorsements: (i) the Known or Continuing Injury or Damage Endorsement (form G-136080-A

---

[4] *See* TRANS-MSJ 00001 through TRANS-MSJ 000150 to *Transportation Insurance Company's Appendix of Evidence in Support of its Motion for Summary Judgment* ("Appendix") filed contemporaneously with this brief.

[5] *See* TRANS-MSJ 00151 through TRANS-MSJ 00314 to the Appendix.

[6] *See* TRANS-MSJ 00091 to the Appendix.

[7] *See* TRANS-MSJ 00067 through TRANS-MSJ 00080 to the Appendix.

[8] *See* TRANS-MSJ 00186 to the Appendix.

[9] *See* TRANS-MSJ 00158 through TRANS-MJS 00171to the Appendix.

02/00)[10], which replaces the insuring agreement contained in each policy's commercial general liability coverage form; (ii) the Exclusion – Construction Wrap-Up Program (form G136107-A (03/00)[11]; and (ii) the Exterior Insulation and Finish System Habitational Exclusion Endorsement (form G138920-B (01/01).[12]

## PROCEDURAL BACKGROUND

4. Weitz commenced this action in Florida state court on or about October 6, 2008, which Transportation removed to this Court on November 14, 2008.

5. This litigation is governed by the Court's *Order Setting Civil Non-Jury Trial Date and Pretrial Schedule Requiring Mediation and Referring Certain Motions to Magistrate Judge* [Doc. #8], as amended by the Court's Order on Defendant's Unopposed Motion to Continue Case Management Deadlines and Trial Date [Doc. #12]. Trial is set at 8:30 a.m. on May 11, 2009.

## GROUNDS FOR SUMMARY JUDGMENT

6. Transportation is entitled to summary judgment that it owes no additional insured defense to Weitz because the summary judgment evidence presented establishes that:

- o  Weitz is not an additional insured with respect to the Aventura Plaintiffs' claims because the Third Amended Complaint does not allege that Weitz's liability arises from the work of Aero Cooling, which is a prerequisite under the Policies to additional insured coverage.

- o  The Third Amended Complaint alleges no facts that fairly bring the alleged damage to the project within the Policies' grant of coverage because: (i) Aero Cooling first knew of the damage to property described in the Third Amended Complaint after the Policies' had expired; (ii) the damage to the property described in the Third Amended Complaint took place after the Policies expired; and (iii) the Third Amended Complaint describes damage to a defective completed project for which there is no coverage..

---

[10]  *See* TRANS-MSJ 00086 (the 2002 Policy) and TRANS-MSJ 00179 (the 2003 Policy) to the Appendix.

[11]  *See* TRANS-MSJ 00087 (the 2002 Policy) and TRANS-MSJ 00180 (the 2003 Policy) to the Appendix.

[12]  *See* TRANS-MSJ 00088 (the 2002 Policy) and TRANS-MSJ 00181 (the 2003 Policy) to the Appendix.

- The damages described in the Third Amended Complaint all fall under the categories of: (i) faulty workmanship, including defects or inadequacies damage to Aero Cooling's work or product, which are excluded under m(1) under the Policies; and (ii) property damage which arises out of Aero Cooling's delay in performing its contract, which are excluded from coverage under m(2) of the Policies.

7. In accordance with Rules 7.1 and 7.5 of the Local Civil Rules of the United States District Court for the Southern District of Florida (the "Local Rules"), the requirements of these Local Rules are met by Transportation's memorandum of points and authorities, statement of uncontroverted material facts, and appendix of summary judgment evidence supporting Transportation's motion for summary judgment.  This motion for summary judgment is based upon and supported by Transportation's memorandum of points and authorities, statement of uncontroverted material facts, and appendix of summary judgment evidence, along with all pleadings and papers on file.

**REQUEST FOR RELIEF**

For these reasons, Transportation respectfully asks the Court to: (i) grant its motion for summary judgment and dismiss Weitz's complaint with prejudice; (ii) award Transportation costs against Weitz as allowed by law, and (iii) grant such other relief as the Court deems Transportation entitled in law or equity.

Date:   April 1, 2009

        Respectfully submitted,

        FORIZS & DOGALI, P.L.


        By:   /s/ Haley R. Maple
           A. Anderson B. Dogali
           Fla. Bar No. 0615862
           Haley R. Maple
           Fla. Bar No. 0672963

        4301 Anchor Plaza Parkway, Suite 300
        Tampa, FL 33634
        Telephone:   (813) 289-0700
        Facsimile:    (813) 289-9435
        Email Address: adogali@forizs-dogali.com
        Email Address: hmaple@forizs-dogali.com

        – And –

        Pamela Dunlop Gates
        State Bar No. 06239800
        COLLIAU ELENIUS MURPHY CARLUCCIO
          KEENER & MORROW
        600 North Pearl Street, Suite 1400
        Dallas, Texas 75201
        (214) 220-5900 – Telephone
        (214) 220-5902 – Telecopy
        pamela.dunlopgates@cna.com

        **ATTORNEYS FOR TRANSPORTATION INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on April 1, 2009, the foregoing *Transportation Insurance Company's Motion for Summary Judgment* was electronically filed, as required by the United States District Court for the Southern District of Florida, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following:

Vincent F. Vaccarella, Esq.
John A. Moore, Esq.
LAW OFFICES OF VINCENT F. VACCARELLA, P.A.,
18851 N.E. 29th Avenue
Harbour Centre – Suite 304
Aventura, Florida, 33180
(305) 932-4044 – Telephone
(305) 932-4990 – Telecopy
vincent@v-law.net
jmoore@v-law.net
COUNSEL FOR THE WEITZ COMPANY, LLC

                                                 /s/ Haley R. Maple
                                                  Haley R. Maple