UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-23183-CIV-HUCK/O'SULLIVAN

THE WEITZ COMPANY, LLC.,

        Plaintiff,

vs.

TRANSPORTATION INSURANCE
COMPANY,

        Defendant.
_____/

### ORDER DENYING TRANSPORTATION INSURANCE COMPANY'S MOTION FOR RECONSIDERATION

     This matter is before the Court on Transportation Insurance Company's Motion for Reconsideration of the Court's May 19, 2009 Omnibus Order on Motions for Summary Judgment and Final Declaratory, filed June 3, 2009 (D.E. #88). The Court has considered the Motion, all other pertinent parts of the record, and is otherwise duly advised in the premises.

### ANALYSIS

     "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal citations and quotations omitted). "The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation and citation omitted). Indeed, the purpose of a motion to reconsider is not to ask the Court to "rethink what the Court . . . already thought through—rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D.

Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (alteration in original).

The subject of Transportaion's Motion for Reconsideration is the Court's Omnibus Order on Motions for Summary Judgment and Final Declaratory. In that Order, the Court found that Transportation is obligated to defend the The Weitz Company, LLC and to assume Weitz's ongoing defense against the claims brought by CC-Aventura, Inc. and Classic Residence Management Limited Partnership (the "Aventura Plaintiffs") against Weitz in an underlying case styled *CC-Aventura, Inc. and Classic Residence Management Limited Partnership v. The Weitz Company, LLC, The Weitz Company, Inc., and MSA Architects, Inc.*, Case No. 06-21598-CIV-HUCK/O'SULLIVAN (the "Main Proceeding") arising out of the scope of Aero Cooling System, Inc.'s work on the Project.

Transportation raises five "error of law" arguments and one "error of fact" argument as to why this Court should reconsider its ruling. In each of these arguments, Transportation is simply rearguing its previously raised arguments, and fails to set forth facts or law sufficient to induce the Court to reverse its prior decision.

**I.       Legal Error Argument**

The first "legal error" argument raised by Transportation is that the Court erred by applying a "true facts" analysis when determining that Transportation owes Weitz a duty to defend. Transportation argues that the Court is required to apply the "eight corners rule" in this case. In its Motion for Summary Judgment (D.E. #37), Transportation made this very same argument. As an initial matter, in its May 19, 2009 Order, the Court applied the "eight corners rule" and found that the allegations raised against Weitz in the Third Amended Complaint potentially arise out of the work caused by the Project's HVAC subcontractor. The Court went on to discuss, however, that even if the Court were to construe the allegations in the narrow manner advocated by Transportation, the application of the "eight corners rule" would still not preclude a finding that Transportation is obligated to defend Weitz in the Main Proceeding. This is because, as the Court explained, while generally the duty to defend in the first instance is determined from the allegations of the complaint, "the allegations of the complaint are not conclusive on the issue. [Because] the duty to defend may attach at some later stage of the litigation if the issues of the case are so changed or enlarged as to come within the policy coverage." *Evanston Ins. Co. v. Royal American Const. Co., Inc.*, 2007 WL

4240749, 1 (N.D. Fla. 2007). The Court found that, even if Transportation's duty to defend was not triggered initially, subsequent developments in the Main Proceedings were sufficient to potentially bring that dispute within the policy coverage. The Court then concluded its analysis of the "eight corners rule" by discussing that strict reliance on the rule would not necessarily be proper in this case, assuming, *arguendo*, that a rigid application of the "eight corners rule" would have excluded coverage here.[1] Accordingly, as the Court has thoroughly considered and discussed Transportation's "eight corners rule" argument in its May 19, 2009 Order, the Court declines to reconsider its decision on that issue.

Transportation next argues that Weitz failed to carry its burden of proof, or that material facts precluded summary judgment. As the Court expressed several times in its Order, the Court was only deciding whether Transportation had a duty to defend Weitz. The Court made no determination concerning the ultimate scope of that defense. Transportation argues that Weitz was required to prove things such as that the "property damage occured during the policy period," or that the "property damage results from an occurrence." (D.E. #88, p. 5.) As the Court discussed in its Order, an "insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442-43 (Fla. 2005). The "insurer must defend if the allegations in the complaint could bring the insured within the policy provisions of coverage." *Grissom v. Commercial Union Ins. Co.*, 610 So. 2d 1299, 1307 (Fla. 1st DCA 1992). Accordingly, all Weitz was required to show in support of its Motion for Summary Judgment was that the complaint "fairly and potentially bring the suit within policy coverage." The Court undertook a thorough analysis and discussion of why it believed Weitz adequately made the requisite showing. Because Transportation has not shown a compelling reason for the Court to reconsider its analysis on that issue, the Court declines to do so.

Transportation next argues that the Court *sua sponte* granted Weitz summary judgment on grounds not set forth in Weitz's motion for summary judgment and without notice to Transportation.

---

[1] "Assuming, however, that a rigid application of the "eight corners rule" would exclude coverage here because Aero is not specifically mentioned by name in the Third Party Complaint, the Court finds that strict reliance on the 'eight corners rule' is inappropriate in cases like this." (May 19, 2009 Omnibus Order; D.E. #87, p. 9.)

Transportation argues that its "first notice" of the argument that the Court should consider the "true facts" of the case—that Aero was the HVAC subcontractor—occurred upon receipt of the Court's opinion.  In response to this argument, the Court quotes Transportation's own opening statement in its Response in opposition to Weitz's motion for summary judgement (D.E. #51):

> Weitz asks the Court to do that which Florida law prohibits in determining whether a defense obligation exists – read into the facts scenarios beyond what is set forth in the underlying pleading itself, or consider Weitz's version of the facts, or account for the fact that Weitz is pursuing claims against its subcontractors in the Underlying Lawsuit.

Transportation's own pleading makes it abundantly clear that it was aware that the question of whether the Court should consider the "true facts" in the Main Proceeding was at issue.  The Court rejects Transportation's contention that it was blindsided.

The Court also rejects Transportation's contention that the Court's decision was guided not by the law, but by its concern that a ruling for Transportation and against Weitz might have a detrimental impact on Weitz in regard to its rights under other insurance policies.  The Court's statement was not that *a finding for Transportation* "would eliminate Weitz's rights under the Insurance Policies" (as Transportation contends).  Rather, the Court's statement was that if Transportation's position were adopted, it would lead to illogical conclusions.  The Court used the example of the effect such a position would have on Weitz only as an illustration when attempting to explain why the "eight corner rule" was not an absolute, and why it would be illogical and legally incorrect to apply the rule in this and similar cases.  Accordingly, as with Transportation's other arguments, this argument is insufficient to induce the Court to reverse its prior decision.

Transportation's final "legal error" argument is that the 2003 policy is far more limited than the 2002 because it limits additional insured coverage to damages resulting solely from Aero's own negligence.  Again, the Court expressed several times in its Order that it was only deciding whether Transportation had a duty to defend Weitz.  The Court made no determination concerning the ultimate scope of that defense, and a fair reading of the allegations in the Third Amended Complaint "alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442-43 (Fla. 2005).

### II.     Error of Fact Argument

Transportation argues that based on the facts on record in this case, the Court cannot possibly know that Aero was an HVAC subcontractor that performed work on the Project. Transportation admits that Aero was a subcontractor on the Project. Transportation argues, however, that this does not show that Aero was an *HVAC subcontractor*. As an initial matter, the Court finds Transportation's admission, when considered in concert with the operative complaint in the Main Proceeding, sufficient to trigger Transportation's duty to defend Weitz. However, the Court notes that it may take judicial notice of its records. *See United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). There are numerous indications in the Court's records of the Main Proceeding to support the finding that Aero was hired as a subcontractor to perform HVAC work on the Project. For example, in Aero's Answer to Weitz's Third-Party Complaint Main Proceeding (DE #398), Aero admits "that on or about April 30, 2001, Aero entered into a Subcontract Agreement with Weitz to perform certain HVAC work on the Project." The Court finds that the remainder of Transportation's "error of facts" argument—for example, that there is no evidence that the HVAC work caused property damage—fails for the same reason as its other scope of coverage arguments above.

### CONCLUSION

In sum, Transportation has failed to set forth facts or law of a strongly convincing nature sufficient to induce the Court to reverse its prior decision, nor has Transportation demonstrated any clear error or manifest injustice that would require the Court to reconsider the same. Accordingly, it is hereby

ORDERED AND ADJUDGED that Transportation Insurance Company's Motion for Reconsideration (D.E. #88) is denied.

DONE and ORDERED, in Chambers, Miami, Florida, June 11, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge O'Sullivan
All counsel of record