UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23183-CIV-HUCK/O'SULLIVAN

THE WEITZ COMPANY, LLC,

    Plaintiff,
v.

TRANSPORTATION INSURANCE
COMPANY,

    Defendant.
_____/

## AMENDED[1] REPORT AND RECOMMENDATION

This matter is before the Court on the Weitz Company LLC's Verified Request to Enter Bill of Costs (DE # 90, 6/18/09).  The Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned pursuant to 29 U.S.C. §636(b).  Having carefully reviewed the filings and applicable law, the undersigned recommends that the Weitz Company LLC's Verified Request to Enter Bill of Costs (DE # 90, 6/18/09) be GRANTED.

## BACKGROUND

The plaintiff filed this lawsuit against the defendant for breach of contract and declaration of insurance coverage rights.  On May 21, 2009, the court entered an Order on the Motions for Summary Judgment and Final Declaratory Judgment.

The plaintiff filed the instant motion on June 18, 2009.  The defendant filed a response on July 6, 2009 (DE # 96) and the plaintiff filed a reply on July 16, 2009 (DE #

---

[1] This report and recommendation is amended to correct two typographical errors, where the undersigned erroneously recommended that the defendant receive costs rather than the plaintiff. The word "plaintiff" has been substituted for the word "defendant" to correct the two typographical errors.

99).

## **ANALYSIS**

Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party."  A 'prevailing party' for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered, regardless of the amount of damages awarded.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002).  The plaintiff is the prevailing party in the case at bar based on the court's entry of the Final Declaratory Judgment.  The plaintiff is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.  A court is limited to taxing only those costs specifically authorized by statute.  See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Specific costs which may be awarded are set forth in Rule 54, Fed.R.Civ.P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
>   (1) Fees of the clerk and marshal;
>
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>  (5) Docket fees under § 1923 of this title;
>
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000) (citations omitted).

The plaintiff requests reimbursement for costs in the amount of $343.75.  The undersigned recommends the following costs be awarded.

### A.  Fees of the Clerk

The plaintiff requests $310.00 for fees of the clerk. These fees are permitted under 28 U.S.C. § 1920.  Accordingly, the undersigned recommends an award of $310.00 for fees of the clerk to the plaintiff.

### B.  Fees for Exemplification

The plaintiff requests $18.75 in fees for exemplification and copies of paper necessarily obtained for use in the case.  The defendant objected to the request for fees associated with exemplification on the grounds that the plaintiff should be limited to $12.16 for copies because the plaintiff should receive $0.19 per page for 64 pages.  In the reply, however, the plaintiff demonstrates that the copy request is for 375 pages at $0.05 per page.  28 U.S.C. § 1920(4) only allows for recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case."  The undersigned finds that the copies were necessarily obtained for use in the case and

recommends that the plaintiff receive $18.75 for fees for exemplification and copies of paper.

### C. Fees for Service of Summons and Subpoenas

The plaintiff requests $15.00 for fees for service of summons and subpoenas. These fees are permitted under 28 U.S.C. § 1920 and are reasonable. Accordingly, the undersigned recommends an award of $15.00 for fees for service of summons and subpoenas.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the plaintiff be awarded a total of **$343.75** in costs. The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any with the Honorable Paul Huck, United States District Judge. Failure to file timely shall bar the parties from attacking on appeal the factual findings contained herein. 28 U.S.C. § 636(b)(1); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 9 96 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this **21st** day of September, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record