UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23183-CIV-HUCK/O'SULLIVAN

THE WEITZ COMPANY, LLC,

    Plaintiff,

v.

TRANSPORTATION INSURANCE
COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Weitz Company LLC's Verified Motion for Attorneys' Fees (DE # 92, 6/19/09). The Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned pursuant to 29 U.S.C. §636(b). Having carefully reviewed the filings and applicable law, the undersigned recommends that the Weitz Company LLC's Verified Motion for Attorneys' Fees (DE # 92, 6/19/09) be GRANTED in part and DENIED in part in accordance with this Report and Recommendation.

## BACKGROUND

The plaintiff filed this lawsuit against the defendant for breach of contract and declaration of insurance coverage rights. On April 30, 2009, the plaintiff dismissed the breach of contract claims (DE # 68). On May 20, 2009, the Court granted the plaintiff's Motions for Summary Judgment and Final Declaratory Judgment (DE # 87). There was

a determination that the defendant had a duty to defend the plaintiff in the underlying federal court action.

The plaintiff filed the instant motion on June 19, 2009. The defendant filed a response on July 16, 2009 (DE # 100) and the plaintiff filed a reply on July 27, 2009 (DE # 103). The defendant filed a sur-reply on August 5, 2009 (DE # 105).

## ANALYSIS

### I.   Plaintiff Should Be Awarded Fees

The plaintiff seeks fees pursuant to Florida Statute §627.428, as the prevailing party in this case. The undersigned finds that the plaintiff is the prevailing party and may recover fees under Florida Statute §627.428

Florida Statute 627.428(1) provides:

> Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery was had.

The defendant acknowledges that the plaintiff is entitled to a reasonable attorney fee under Florida Statute 627.428. The defendant argues that the plaintiff's burden includes not only proving entitlement to fees, but also the reasonableness of the fee request. The defendant also contends that the plaintiff should not recover fees for work for which the plaintiff is not the prevailing party, work for more than one firm,

2

work not pertaining to this case, work for which there is an inadequate description of the work performed, work for attorney conferences, work not considered legal in nature or that is a duplication of efforts, and unnecessary work.

## II.     An Award of Attorney's Fees Must Be Reasonable

Having determined that the plaintiff is the prevailing party and is entitled to fees under Florida Statute §627.428, the Court must next determine an amount of fees and costs that is reasonable.

In calculating a reasonable attorneys' fee award, the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar."  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorneys' fee.  See Blum v. Stenson, 465 U.S. 886, 888 (1984).

### A.     Reasonable Hourly Rate

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886 (1984).  In

determining the prevailing market rates the Court should consider several factors including "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases."  Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)(citing, Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

        1.     Hourly Rates

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299. Furthermore, the Court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  Norman, 836 F.2d at 1303 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)).  Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with attorneys' fees in general, the undersigned finds that the hourly rates requested by the law firm of Vincent F. Vaccarella, P.A. for each of its time keepers are reasonable.  Accordingly, the undersigned recommends that Vincent F. Vaccarella, P.A. receive the hourly rates listed in the following chart for its time keepers.

| **Attorneys** | |
|---|---|
| Vincent F. Vaccarella | $305.00 per hour |
| John A. Moore | $275.00 per hour |
| Jordan M. Keusch | $275.00 per hour |
| Marlene Fernandez | $260.00 per hour |
| Jeffrey D. Green | $195.00 per hour |
| **Paralegals/Law Clerks** | |
| Aniet Lorenzo | $100.00 per hour |
| Raquel Sanchez | $100.00 per hour |
| Kim Feria | $115.00 per hour |
| Kaimy Chappell | $100.00 per hour |
| Lisa Self | $100.00 per hour |
| Ameena Shaheed | $115.00 per hour |
| Catalina Cortes | $60.00 per hour |

The plaintiff requests an hourly rate of $520.00 per hour for attorney David Dekker and an hourly rate of $475.00 per hour for attorney Melissa Lesmes of the law firm of Howrey, LLP.  While the undersigned recognizes that David Dekker and Melissa Lesmes are skilled attorneys, the undersigned finds that the requested hourly rates are too high for the local market.  Accordingly, the undersigned recommends that the hourly rate for both David Dekker and Melissa Lesmes be reduced to $305.00 per hour (the same hourly rate awarded to Mr. Vaccarella - the named partner in the local law firm employed by the plaintiff in this matter).

    B.    <u>Hours Reasonably Expended</u>

The Court must next evaluate the plaintiff's requested fee for reasonableness in

terms of the total hours expended by plaintiff's counsel. The plaintiff requests reimbursement in the amount of $51,483.00 for work performed by the Vincent F. Vaccarella, P.A., and $6,511.50 for work performed by Howrey, LLP, for a total fee request amount of $57,994.50. The plaintiff supports its fee request by submitting itemized bills, an affidavit, and a supplemental affidavit. The defendant categorizes its specific objections to the plaintiff's fees request into tables attached to the response to the Motion for Fees. The undersigned addresses the defendant's objections to the plaintiff's fees below.

### i. Table 1

The defendant objects to 50.25 hours for certain discovery related work because the defendant contends that this work related to matters other than the duty to defend. The plaintiff reduced the total number of hours spent on discovery by 19.40 hours in its original motion and agrees to a further reduction of 5.20 hours.

The plaintiff contends that the discovery tasks that relate to both the duty to defend and the breach of contract are so intertwined that they cannot be separated out and further reduction is not necessary. When facts supporting all causes of action are so intertwined that apportionment is not feasible, the court may award the prevailing party all attorney's fees. See Davis v. Locke, 936 F.2d. 1208, 1214 (11th Cir. 1991). See also Caplan v. 1616 East Sunrise Motors, Inc., 522 So.2d 920, 922 (Fla. 3d DCA 1988) ("[w]here . . . all the claims made against a defendant involve 'a common core of facts and [are] based on related legal theories,' the award of attorney's fees should not be reduced in the absence of a showing that the defendant's attorneys spent a

6

separate and distinct amount of time in defending a count upon which no attorney's fees were awardable."), quoting Chrysler Corp. V. Weinstein, 522 So.2d 894, 896 (Fla. 3d DCA 1988).

The plaintiff agrees with the defendant that 5.20 of the hours listed in table 1, do not relate to discovery regarding the duty to defend.  These 5.20 hours consist of 4.00 hours for paralegal Ameena Shaheed at $115.00 per hour on April 24, 2009; 0.60 hours for paralegal Lisa Self at $100.00 per hour on April 15, 2009 and 0.60 hours for paralegal Lisa Self at $100.00 per hour on April 16, 2009.  The equates to an agreed reduction of $580.00 for these 5.20 hours.

In table 1, the defendant objects to 4.50 hours of work performed by the attorneys of the Howrey, LLP firm.  After a review of table 1, the undersigned finds that the work listed by the defendant in table 1 as objectionable for the Howrey attorneys does not warrant reduction based on the duty to defend/breach of contract distinction. The undersigned does find that a reduction in the total award for the Howrey attorneys is warranted, and discusses the award for the fees for the work performed by the Howrey, LLP attorney's in section "vi" below.  The remaining objectionable time entries are 11.60 hours billed at $275.00 per hour (for a total of $3,190.00), 2.70 hours billed at $195.00 per hour (for a total of $526.50), 5.50 hours billed at $100.00 per hour (for a total of $550.00), and 6.50 hours billed at $115.00 per hour (for a total of $747.50). This totals $5,014.00 in remaining objectionable fees.  The undersigned finds that a reduction of 20% of the remaining objectionable fees is appropriate to compensate for the tasks that do not relate to the issue of the duty to defend.  A reduction of $1002.80

is recommended (20% of $5,014.00).  The undersigned recommends that the plaintiff's fees **be reduced by a total of $1,582.80** (20% of $5,014.00 plus the $580.00 reduction to which the plaintiff has agreed) for the hours worked on discovery unrelated to the duty to defend.

### ii. Table 2

The defendant seeks a reduction in the plaintiff's hours because only one of the four Motions in Limine filed by the defendant related to the duty to defend and the plaintiff may not recover for time spent responding to the other three Motions in Limine. The plaintiff notes that the plaintiff only drafted and filed a response to the one Motion in Limine that related to the duty to defend. The undersigned finds that no reduction is necessary for the hours worked by plaintiff's counsel relating to the Motions in Limine.

### iii. Table 3

The defendant objects to certain time entries made by John A. Moore, because the time entries relate to the breach of contract claims.  The undersigned finds that the time entries made by Mr. Moore that are reflected in Table 3 should be reduced for the time related to the stipulation of dismissal.  In the reply, the plaintiff concedes that 4.10 hours from Table 3 do not relate to the stipulation of dismissal.  The requested hourly rate for Mr. Moore is $275.00 per hour.  The undersigned recommends **a reduction of $1,127.50** (4.10 hours at $275.00 an hour equals $1,127.50) for Mr. Moore's work relating to the stipulation of dismissal.

### iv. Table 4

The defendant argues that the plaintiff is not entitled to recover for the time

spent by counsel opposing and responding to the defendant's motion for leave to amend affirmative defenses and file a counterclaim. The plaintiff argues that the amended affirmative defenses and counterclaims relate to the duty to defend. The undersigned agrees. The undersigned finds that no reduction in fees is warranted for the plaintiff's work related to the amended affirmative defenses and counterclaims.

### v. Table 5

The defendant argues that the plaintiff should not recover for any time spent by attorneys conferring with one another. "[T]ime spent in attorney conferences is generally compensable for each participant." American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F.Supp.2d 1301, 1315 (M.D. Fla. 2003), citing National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1337 (D.C. Cir. 1982); Review Publications, Inc. v. Navarro, 1991 WL 252962 (S.D. Fla. 1991). The plaintiff notes that it only seeks to recover time for both attorneys to a conference for one of the conferences listed by the defendant in Table 5. For the rest of the conferences listed the plaintiff only seeks fees for one of the attorneys who participated in the subject conference. The undersigned finds that no reduction in fees is warranted for the plaintiff's work related to attorney conferences.

### vi. Table 6

The defendant objects to the work done by Howrey, LLP as redundant and argues that it is unnecessary to have more than one law firm working on a case. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are

9

being compensated for the distinct contribution of each lawyer." <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1302 (11th Cir. 1988), citing <u>Johnson v. University College of University of Alabama in Birmingham</u>, 706 F.2d 1205, 1208 (11th Cir. 1983). The undersigned finds that the attorneys for Howrey, LLP each provided a distinct contribution to this case, the total amount of time spent by the Howrey, LLP attorneys was limited, and the plaintiff is entitled to recover for the work performed by the Howrey, LLP attorneys. As noted above, the hourly rates requested by the plaintiff for the Howrey, LLP attorneys is too high for the local market and the rates of both attorneys should be reduced to $305.00 per hour. The undersigned recommends that the plaintiff recover 13.50 hours at $305.00 per hour for the work done by Howrey, LLP, for a total recovery for the Howrey, LLP attorneys of $4,117.50, not the requested $6,511.50. The undersigned finds that a **reduction of $2,394.00** in fees for the work done by the Howrey, LLP attorneys is warranted.

### vii. Table 7A

The defendant objects to the recovery of the 14.50 hours spent by paralegals preparing for the summary judgment hearing in this matter. The time spent by these paralegals preparing for the summary judgment hearing is compensable. This case was to be decided on summary judgment and the work done by the paralegals in preparation for the hearing was not a duplication of efforts, rather it was necessary for the plaintiff's proper preparation for the hearing. The undersigned finds that no reduction in fees is warranted for the plaintiff's paralegal work relating to preparation for the summary judgment hearing.

### viii. Table 7B

The defendant objects to three time entries totaling 2.45 hours that the defendant opines did not pertain to the instant law suit.  In its reply, the plaintiff explains the work performed by each time keeper for each of the three time entries and how the work related to the case at hand.  The undersigned finds that the 2.45 hours in table 7B to which the defendant objects is compensable and may be recovered by the plaintiff.  Accordingly, the undersigned finds that no reduction in fees is warranted for the plaintiff's work related to time entries listed in table 7B.

## CONCLUSION

The plaintiff requests $51,483.00 in fees for the work done by Vincent F. Vaccarella, P.A. and $6,511.50 in fees for the work done by Howrey, LLP, for a total of $57,994.50.  The undersigned recommends a reduction in the amount of fees requested by Howrey, LLP in the amount of $2,394.00, a reduction in the amount of fees requested by Vincent F. Vaccarella, P.A. in the amount of  $1,127.50 for work done by John Moore on the stipulation of dismissal, and in the amount of $1,582.80 for the hours worked on discovery unrelated to the duty to defend, for a total reduction of the fees sought by Vincent F. Vaccarella, P.A., in the amount of $2,710.30.  This equates to an overall reduction of $5,104.30 in fees sought by the plaintiff.  The requested fee amount of $57,994.50 minus the reduction of $5,104.30 equals a fee award of $52,890.20.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that  the Weitz

Company LLC's Verified Motion for Attorneys' Fees (DE # 92, 6/19/09) be GRANTED in part and DENIED in part and the plaintiff be awarded attorney fees in the amount of $4,117.50 for the work performed by Howrey, LLP, and $48,772.70 for the work performed by Vincent F. Vaccarella, P.A., for a total fee award of $52,890.20.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED, in Chambers, at Miami, Florida this 29th day of September, 2009.

                                  JOHN J. O'SULLIVAN
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Huck
All counsel of record